IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD B. WILSON and<br>GRACY SEDLAK, | )<br>)<br>) | 4:13CV130 |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | **MEMORANDUM<br>AND ORDER** |
| JON BRUNING, et al., | )<br>)<br>) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. Federal Rule of Civil Procedure 11(a) requires that all pro se parties to a case sign every pleading, written motion, and other paper that they submit to the court. As this court has noted previously, Rule 11(a) helps to ensure that pro se parties consent to the filing of documents on their behalf. *See* United States v. Brenton, No. 8:04CR262, 2007 WL 3124539, at *1-2 (D. Neb. Oct. 23, 2007) (discussing *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)). This court has also noted that it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See id.* at *1 (citing 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1333, at 513 & n.15 (2004)).

    Furthermore, Federal Rule of Civil Procedure 11(b) states,

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

    (3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

"[A] basic factual contention in any complaint is that the plaintiff consents to the suit." 5A C. Wright & A. Miller, *Federal Practice and Procedure § 1333 (3d ed., updated April 2013)* (discussing *In re Deep Vein Thrombosis*, No. 04-1606, 2008 WL 2568269 (N.D. Cal. 2008)). It is also fundamental that when a plaintiff names herself in an action, she represents that (1) the action has been filed on her behalf for a proper purpose, and (2) under existing law (or a nonfrivolous extension of existing law), she is entitled to recover on the claims she states. In short, if a pro se party signs a pleading, written motion, or other pleading on behalf of a second pro se party, not only are there no assurances that the second party consents to the filing of the document, and not only has there been improper practice of law by a non-attorney, but the signing party's conduct implicates Rule 11(b).

Rule 11(c)(3) provides that a court may order a party "to show cause why conduct specifically described in the order has not violated Rule 11(b)." If, after providing notice and a reasonable opportunity to respond, the court concludes that Rule 11(b) has been violated, the court may impose "an appropriate sanction" on the party that violated the rule. Fed. R. Civ. P. 11(c)(1).

The court suspects that Plaintiff Harold B. Wilson has violated Rule 11(a) by placing the signature of Plaintiff Gracy Sedlak on documents that the Plaintiffs have filed during the course of this action. Plaintiffs Wilson and Sedlak are therefore ordered to submit evidence to this court to establish whether Gracy Sedlak has, in fact, been signing all of the Plaintiff's papers. This evidence must include, at minimum, a

signed and notarized affidavit from Gracy Sedlak stating whether she has signed the documents that have been submitted to the court on her behalf. In addition, Plaintiffs Wilson and Sedlak are ordered to show cause why sanctions should not be imposed on the ground that Wilson has been signing Sedlak's name to the documents.

Plaintiffs shall have 21 days from today's date to comply with this order. Failure to comply may result in the imposition of sanctions without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiffs Wilson and Sedlak shall respond in accordance with this Memorandum and Order within 21 days of the date of this order. The clerk's office is directed to enter a case management deadline in this matter using the following text: July 1, 2013: Deadline for plaintiffs to show cause.

2. No further action shall be taken in this case until the court receives such responses. Failure to respond the court's order will result in dismissal of this matter without further notice and, as set forth above, may also result in the imposition of other sanctions.

DATED this 11th day of June, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.