IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAROLD B. WILSON, and GRACY S. SEDLAK,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JON BRUNING, et al.,<br><br>　　　　　Defendants. | 8:13CV130<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs filed their Complaint in this matter on April 22, 2013. (Filing No. 1.) Plaintiffs have each been given leave to proceed in forma pauperis. (Filing Nos. 15 and 16.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.　　SUMMARY OF COMPLAINT

Plaintiffs Harold Wilson ("Wilson") and Gracy Sedlak ("Sedlak") filed their Complaint against Jon Bruning, Robert Houston, Robert Madsen, Frank Hopkins, Mario Peart, the State of Nebraska, and the Nebraska Department of Corrections. In their Complaint, Plaintiffs make no specific allegations about the conduct or actions of any of the named Defendants. (*See generally* Filing No. 1.)

Plaintiffs generally allege that they are being denied the right to marry each other in violation of their right to equal protection under the United States Constitution. (*Id.* at CM/ECF pp. 1-2.) Wilson is a male incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. (*Id.* at CM/ECF p. 1.) Sedlak is also a male, but is undergoing hormone treatment in order to "transition from male to female." (*Id.* at CM/ECF p. 2.) Sedlak is a "former inmate" with the Nebraska Department of Corrections, who was paroled on March 23, 2012. (*Id.*) Sedlak is not

allowed to visit Wilson in prison because of a prison rule that imposes a three-year waiting period on visitation by non-family members who are former inmates. (*Id.*)

As relief in this matter, Plaintiffs ask the court to (1) "over turn Meas[u]re 416,"[1] (2) order Defendants to allow Sedlak to visit Wilson in prison, (3) order Defendants to allow Sedlak and Wilson to seek approval from the "Clearness Committee of the Lincoln Friends" to be married, and (4) order Defendants to allow Wilson to "to wear a cap/hat after the tradition and beliefs of Quakers." (*Id.* at CM/ECF pp. 3-4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state

---

[1] Measure 416 is the ballot initiative that led to the passing of Article I, § 29 of the Nebraska Constitution, which limits the institution of marriage in Nebraska to heterosexual couples. *See Citizens for Equal Protection, Inc. v. Bruning*, 368 F.Supp.2d 980, 986 (D. Neb. 2005), judgment rev'd, 455 F.3d 859 (8th Cir. 2006).

2

a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiffs here allege federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Plaintiffs' Equal Protection Claim

Plaintiffs argue that they are being "denied the right to marry the person of [their] choosing." (Filing No. 1 at CM/ECF p. 1.) Specifically, Plaintiffs argue that their rights under the federal equal protection clause are being violated because they are "treated unequally to [h]eterosexual couples who would be allowed to legally marry and be approved to visit as immediate family members." Plaintiffs ask this court to "over turn Measure 416," which is the ballot initiative that led to the passing of Article I, § 29 of the Nebraska Constitution. *See Citizens for Equal Prot., Inc. v. Bruning*, 368 F.Supp.2d 980, 986 (D. Neb. 2005), judgment rev'd, 455 F.3d 859 (8th Cir. 2006).

Liberally construed, Plaintiffs ask this court to find that Article I, § 29 of the Nebraska Constitution violates the Equal Protection Clause of the United States Constitution. Article I, § 29 of the Nebraska Constitution provides that "[o]nly marriage between a man and a woman shall be valid or recognized in Nebraska" and that the "uniting of two persons of the same sex in a civil union, domestic partnership,

or other similar same-sex relationship shall not be valid or recognized in Nebraska." Nebraska Const. Art. I, § 29.

Plaintiffs' claim is foreclosed by the Eighth Circuit Court of Appeals' opinion in *Citizens for Equal Protection v. Bruning*, 455 F.3d 859 (8th Cir. 2006). In *Citizens for Equal Protection*, public interest groups whose members included gay and lesbian citizens of Nebraska sought an order declaring, among other things, that § 29 violated the Equal Protection Clause of the United States Constitution. *Id.* at 863. The Eighth Circuit Court of Appeals held "that § 29 and other laws limiting the state-recognized institution of marriage to heterosexual couples are rationally related to legitimate state interests and therefore do not violate the Constitution of the United States." *Id.* at 870. This court is bound by the precedent of the Eighth Circuit Court of Appeals, which explicitly addressed the constitutionality of § 29. As such, the court finds that Plaintiffs' claim that § 29 violates their rights under the Equal Protection Clause of the United States Constitution fails to state a claim upon which relief may be granted, and must be dismissed.

### B. Remaining Claims

Plaintiffs' requests for relief suggest that they may also be alleging that a prison regulation that prevents Sedlack from visiting Wilson in prison infringes on their constitutional rights. (*See* Filing No. 1 at CM/ECF p. 4 ("We further ask injunctive relief and request that the court order the Defendants to approve Gracy Sedlak as a visitor.") However, even with the most liberal construction, their Complaint does not include sufficient facts to support the claims advanced. Plaintiffs fail to identify the specific constitutional right or rights infringed, and they fail to allege any specific acts committed by any Defendants. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not

4

allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

Out of an abundance of caution, on the court's own motion, the court will give Plaintiffs 45 days in which to file an amended complaint that states a claim upon which relief may be granted against Defendants. If Plaintiffs fail to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

In their Complaint, Plaintiffs also seek an injunction ordering Defendants to allow Wilson to "wear a cap/hat after the tradition and beliefs of Quakers who believe that they should not remove their hat fo[r] any man, save God Himself." (Filing No. 1 at CM/ECF p. 4.) However, this request for relief is unrelated to any claims alleged in the Complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that party moving for preliminary injunction must establish relationship between injury claimed in motion and conduct asserted in complaint because purpose of preliminary injunction is to preserve the status quo until court rules on merits). Moreover, Plaintiffs allege in their Complaint that they practice the Wiccan religion, not the Quaker religion. Indeed, in another case currently pending in this courrt, Wilson has alleged that prison officials prevented him from practicing the central tenants of his Wiccan religion in violation of his constitutional rights. *See Wilson v. Sabatka-Rine, et al.*, 4:11-cv-3215-JFB-TDT (D. Neb. filed Nov. 25, 2011).

### IV.   MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs seek a preliminary injunction requiring Defendants to allow Plaintiffs "to have visitation with each other during regular visiting hours at the Lincoln Correctional Center." (Filing No. 19 at CM/ECF p. 1.) As set forth above, Sedlak is not allowed to visit Wilson because of a prison rule that imposes a three-year waiting

5

period on visitation by non-family members who are former inmates. (Filing No. 1 at CM/ECF p. 2.) The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.,* 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's Motion. In *Dataphase*, the court, sitting en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114; *see also Planned Parenthood v. Rounds,* 530 F.3d 724, 732-33 (8th Cir. 2008) (reiterating *Dataphase* factors and finding that unless implementation of state statute is at issue, "district courts should still apply the familiar 'fair chance of prevailing' test"). "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.,* 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase,* 640 F.2d at 113.

As set forth above, as drafted, Plaintiffs' Complaint fails to state a claim upon which relief may be granted. In light of this, and in balancing all of the factors, it is apparent that Plaintiffs have not alleged, or submitted any evidence showing that, there is a fair chance that they will succeed on the merits of their claims. Therefore, at this point in the proceedings and in consideration of all of the factors, the court sees no reason to "intervene . . . until the merits are determined . . ." *Dataphase,* 640 F.2d at 113.

IT IS THEREFORE ORDERED that:

1.	Plaintiffs' claim that they are being "denied the right to marry the person of [their] choosing" in violation of the Equal Protection Clause of the United States Constitution fails to state a claim upon which relief may be granted, and is dismissed.

2.	Plaintiffs shall have until 45 days from the date of this Memorandum and Order to amend their Complaint to clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiffs fail to file an amended complaint, their claims against Defendants will be dismissed without further notice.

3.	The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on December 20, 2013.

4.	Plaintiffs shall keep the court informed of their current addresses at all times while this case is pending. Failure to do so may result in dismissal without further notice.

5.	Plaintiffs' Motion for Preliminary Injunction (Filing No. 19) is denied.

DATED this 7th day of November, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.