IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD B. WILSON, and GRACY S. SEDLAK, | ) ) ) | 8:13CV130 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| JON BRUNING, et al., | ) ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On November 7, 2013, the court entered a Memorandum and Order allowing Plaintiffs to file an amended complaint that states a claim upon which relief may be granted. (Filing No. 20.) Plaintiffs filed an Amended Complaint on December 10, 2013. (Filing No. 21.) The court considers Plaintiffs' Amended Complaint as supplemental to their original Complaint. NECivR 15.1(b) (stating that in pro se cases, the court may consider an amended pleading as supplemental to the original pleading, rather than as superseding).

    The court has carefully reviewed Plaintiffs' Complaint and Amended Complaint and finds that Plaintiffs' claim that prison regulations violate their First Amendment right to freedom of association may proceed to service of process. Plaintiffs' factual allegations with respect to this claim are lodged against Frank Hopkins only. (*See* Filing No. 21 at CM/ECF p. 2 ("On 1-18-2013 Frank Hopkins signed a Step II grievance for Director Houston . . . denying consideration of Ms. Sedlack visiting Mr. Wilson until three years after March 23, 2012.").) The court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and Amended Complaint, and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

All other claims against all other Defendants will be dismissed. As the court discussed in its previous order, Plaintiffs' arguments that they are being denied the right to marry are foreclosed by the Eighth Circuit Court of Appeals' opinion in *Citizens for Equal Protection v. Bruning*, 455 F.3d 859 (8th Cir. 2006). (Filing No. 20.) Plaintiff Harold Wilson's request that the court order the prison to allow him to wear a hat is unrelated to the claims alleged in the Complaint and Amended Complaint. To the extent Wilson wishes to sue the prison for a violation of his religious rights because he is not allowed to wear a hat, he must do so in a separate action.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' First Amendment claim against Frank Hopkins in his individual and official capacities may proceed to service of process. All other claims against all other Defendants are dismissed.

2. To obtain service of process on Defendant Frank Hopkins, Plaintiffs must complete and return the summons forms that the Clerk of the court will provide. The Clerk of the court shall send two summons forms and two USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order for service on Frank Hopkins in his individual and official capacities. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint and Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and the Complaint and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint and Amended Complaint, and Plaintiff does not need to do so.

4. Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiffs are informed for the first time of these requirements, Plaintiffs are granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiffs are hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "**August 15, 2014**: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiffs shall keep the court informed of their current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 17th day of April, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.